UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NATHAN R. PIERCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Cause No.: 1:98-CR-7 |
| v. ) | (1:05-CV-407) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF OPINION AND ORDER**

This matter is before the court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Petitioner Nathan Pierce ("Pierce") on November 28, 2005. The government filed a response to the motion on December 28, 2005, and Pierce filed a reply on January 20, 2006. For the reasons set forth herein, the motion is DENIED.

**DISCUSSION**

On February 25, 1998, Pierce was charged by way of an indictment with armed bank robbery and possession of a firearm during the commission of a felony. Pierce entered guilty pleas to the charges on May 8, 1998. Following the briefing and resolution of sentencing issues (as well as a change in his defense counsel), Pierce was sentenced on May 27, 1999, to a term of imprisonment of 92 months.

On May 17, 2000, Pierce filed a motion pursuant to 28 U.S.C. § 2255, which was denied in a written order issued on November 22, 2000. Pierce also filed a motion for directed verdict on September 14, 2000 (which was denied by an order issued on October 17, 2000), and a

motion to reduce sentence on April 11, 2001 (which was denied by an order issued on May 25, 2001).

In his most recent motion, Pierce argues that he is entitled to have his sentence vacated, modified, or reduced pursuant to the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), which made the United States Sentencing Guidelines advisory rather than mandatory. Pierce argues that since he was sentenced at a time when the Guidelines were considered mandatory, he is now entitled to some manner of relief. See § 2255 motion, p. 4.

The government counters that Pierce is not entitled to any relief, and bases that contention on the Seventh Circuit decision in *United States v. McReynolds*, 397 F.3d 479 (7th Cir. 2005), wherein the appellate court held that the rule in *Booker* did not apply retroactively to cases which became final prior to the Supreme Court's ruling. The *Booker* decision was issued in January of 2005, while Pierce, as stated, was sentenced several years before, on May 27, 1999. Accordingly, the government argues that Pierce's motion must be denied.

In his reply, Pierce argues additionally that he "disagrees that *Booker* is not retroactively applicable to cases on collateral review." See Petitioner's Reply, p. 1. Pierce maintains that *Booker* is "a substantive [change] or a watershed ruling of criminal procedure[.]" and, therefore, its application in his case should "not [be] barred by . . . [the] retroactivity doctrine" stated in *Teague v. Lane*, 489 U.S. 288 (1989). *Id*.

The government is correct, however, that Pierce's motion is barred by the *McReynolds* decision. In *McReynolds*, the Seventh Circuit expressly addressed the retroactivity doctrine as discussed in *Teague*, and concluded that the decision enunciated in *Booker* was "not

2

a watershed change" that would warrant retroactive application. *McReynolds*, 397 F.3d at 481. Thus, Pierce's argument runs contrary to expressly stated Seventh Circuit law and his motion fails for that reason.

In addition, as stated above, Pierce filed a motion under § 2255 in 2000. Thus, this current motion is a second petition for relief under the statute. However, 28 U.S.C. 2255 specifically prohibits second or successive petitions except in very limited circumstances. The statute provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Pierce has not obtained the requisite certification to bring the current petition. Since he bases his motion on *Booker*, and since that holding does not have retroactive application to cases on collateral review, he would presumably be denied such certification if he sought it from the court of appeals. In any event, this is also a basis for the denial of his motion.

Finally, Section 2255 expressly imposes a one-year limitation period for the filing of a motion to vacate or modify. The limitation period starts to run from the date on which the judgment of conviction becomes final *or* from the date on which an impediment to making a motion is removed (and the impediment was the result of government action in violation of the Constitution or laws of the United States) *or* from the date on which the facts supporting the

3

claims could have been discovered through the exercise of due diligence *or* from the date "on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255

Under the first limitation period, Pierce's petition is clearly untimely. His judgment of conviction became final on May 27, 1999, and he obviously did not file the present motion within one year of that date. Nevertheless, despite the untimeliness of Pierce's petition under the first limitations period (and the inapplicability of the second and third), it is clear from the argument he presses in his reply brief that Pierce believes the last exception applies to his case based upon the Supreme Court's ruling *Booker*. Presumably, it is on that basis that he is requesting this court to review the substance of his §2255 motion.

The Supreme Court's ruling in *Booker* is relevant here insofar as it could be said to create a new Constitutional rule of law (which Pierce contends it does), thereby extending the limitations period for the filing of 28 U.S.C. §2255 motions. If so, the appropriate limitations period would run from the date of the *Booker* decision, January 12, 2005, since that would be the date "on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. §2255 ¶6. This new limitations period would only be available to judgments that are final prior to January 12, 2005, such as Pierce's, if the new Constitutional rule has been "recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The problem for Pierce, as already discussed above, is that case law clearly establishes that *Booker* is *not* retroactive on collateral review. *McReynolds*; see also *Green v. United States,* 397 F.3d 101, 2005 WL 237204, at *1 (2d Cir. Feb.2, 2005) (per curiam); *In re Anderson,* 396 F.3d 1336, 2005

4

WL 123923, at *3-4 (11th Cir. Jan.21, 2005).  Accordingly, because the Supreme Court has not made *Booker* retroactive to criminal cases becoming final prior to January 12, 2005, Pierce cannot rely on the language in §2255 ¶6 to get around the limitations problem and his present motion is therefore untimely.

## CONCLUSION

For all the reasons set forth above, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Petitioner Nathan Pierce is hereby DENIED.

Date: February 3, 2006.

       /s/   William C. Lee
William C. Lee, Judge
United States District Court